IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>vs.<br><br>HECTOR SANCHEZ-MORALES<br><br>Defendant | Crim. No. 19-155 (DRD) |

## MOTION REQUESTING DISCOVERY

**TO THE HONORABLE COURT:**

Comes now defendant, through the undersigned counsel, and respectfully states and prays:

1. The indictment in this case charges the defendant with three offenses involving a female identified only as "A.G.", an adult female. Count Two – the harboring charge - specifically alleges that "A.G." is an alien who entered the United States in violation of law.

2. On March 4, 2019 the undersigned requested via letter that the government provide the defense with the identity of "A.G." The letter explains that the information is indispensable to honor Mr. Sánchez' constitutional right to

1

present a defense. The information is also needed to guarantee defendant's constitutional right to due process. Moreover, as explained below, defendant is also entitled to the information under the provisions of *Brady v. Maryland*, 373 U.S. 83 (1963), and subsequent Supreme Court case law.

3. On March 13, 2019 the defense followed up informally on the request for information. The prosecution informed that it would not be providing the defense with "A.G.'s" identity.

4. Having complied with the provisions of Local Rule 116 defendant requests that this Honorable Court direct the government to provide the defense with the identity and true identity of "A.G.", the purported victim, so that Mr. Sánchez may prepare his defense and be in a position to confront the government's evidence.

5. While pleading formalities have been relaxed, an indictment must be a plain, concise and definite written statement of the essential facts constituting the offense charged. Rule 7(c)(1) of the Federal Rules of Criminal Procedure. In practice, the indictment usually provides the name of the alleged victim of the offense. While failure to include a victim's name will not invalidate an indictment, the information is normally provided to the defense to enable him to investigate and prepare a defense.

6.      The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal case to be confronted with the witnesses against him and his right to compulsory process. *Davis v. Alaska*, 415 U.S. 308, 315 (1974). In *Davis* the Supreme Court held that the right of cross-examination was part of a defendant's right to confront the evidence against him. Accordingly, it found that defendant had been denied his constitutional right of confrontation when his counsel was not allowed to cross-examine the principal witness against him, a juvenile, in connection with the contents of his juvenile file on the grounds that it was protected under Alaska law.[1]

7.      In reaching its decision the Court cited Professor Wigmore's explanation that "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. The opponent demands confrontation, not for the idle purpose of gazing upon the witness, or being gazed upon by him, but for the purpose for cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers (Citation omitted.) *Davis, supra*, p. 315-316.

---

[1] The Supreme Court explained that the state's public interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination of an adverse witness for bias. *Davis*, 320.

8. The constitutional right to compulsory process includes a criminal defendant's right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt. *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). See, also *U.S. v. Bagley*, 473 U.S. 667 (1985), identifying as constitutional error "the government's failure to assist the defense by disclosing information that might have been helpful in conducting the cross-examination." *Bagley*, p. 678. In *Ritchie*, the Supreme Court held that the trial court should have reviewed the files of the Pennsylvania Children and Youth Services office to determine if they contained information material to the defense of the accused.

9. Defendant's need for the information requested is heightened by the fact that aliens illegally entering the island commonly use false names instead of their legal names. Apparently, this case is no exception. According to one of the Reports of Investigation produced by the government defendant addressed the purported victim as "Maria" hardly a name that would be associated with the initials "A.G."

10. The use of false names by the alleged victim and her extended history as an illegal alien in Puerto Rico are also materials to which defendant is entitled under *Brady v. Maryland*, *supra*. See also, *Bagley, supra*, which finds no difference for *Brady* purposes between impeachment and exculpatory evidence.

11. In cross-examination the cross-examiner is permitted to delve into the witness' story to test the witness' perception and memory, to discredit the witness, expose bias and motivation for testifying. *Davis, supra.* Moreover, according to the limited discovery provided by the government, in addition to the discrepancy in the names she used, "A.G." had lived in Puerto Rico illegally for 21 years before going back to the Dominican Republic. "A.G.'s" true identity and her earlier contacts with immigration authorities are material to the harboring charges against the defendant particularly when her truthfulness and motivation for testifying may be called into question. The inquiry as to "A.G.'s" truthfulness and motivations are proper grounds for impeachment and cross-examination. As such, the information requested should be ordered disclosed to the defense.

12. Finally, defendant represents to the court that he has no interest in publicly revealing the identity of "A.G." The defense's only interest is the preparation of his defense. Therefore, the defense would not oppose that a protective order be issued, if deemed necessary, barring the defense from publicly revealing "A.G.'s" true identity.

**WHEREFORE**, it is respectfully requested that this Honorable Court order the government to provide the defendant the true identity of the person named as "A.G." in the indictment and criminal complaint.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, March 19, 2019.

        ERIC A. VOS, Esq.
        Federal Public Defender

        *S/Victor P. Miranda-Corrada*
        **Víctor P. Miranda-Corrada, Esq.**
        **Assistant Federal Public Defender**
        USDC-PR   201205
        241 F.D. Roosevelt Avenue
        San Juan, PR  00918-2305
        Phone No. (787) 281-2441
        Victor_Miranda@fd.org